JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants, Steve Bosak, et al. ("Bosak"), appeal the trial court's decision granting summary judgment in favor of defendant-appellee, Selective Insurance Company ("Selective"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 1999, Selective issued a commercial liability insurance policy to HR Mason Contractors ("HR Mason"). In 2000, Bosak hired HR Mason to perform masonry work for the foundation and basement of his new house.[1] HR Mason did not complete the work according to specification, so Bosak filed suit against HR Mason and Selective for breach of the construction contract. At some point during the litigation, Bosak dismissed the complaint against Selective.
 {¶ 3} In January 2002, Bosak and HR Mason entered into a consent judgment, in which judgment was entered in favor of Bosak and against HR Mason, in the amount of $50,000, plus costs and interest.
 {¶ 4} Bosak filed a supplemental complaint against Selective, arguing that the insurer was obligated to indemnify HR Mason for the consent judgment pursuant to R.C. 3929.06. Both parties filed motions for summary judgment. The trial court denied Bosak's motion for summary judgment but granted Selective's motion, holding that the insurer was entitled to judgment as a matter of law because there was no insurance coverage for HR Mason's liability. Bosak now appeals.
 {¶ 5} In his sole assignment of error, Bosak argues that the trial court erred when it denied his motion for summary judgment and granted Selective's summary judgment motion.
 {¶ 6} First, we note that the content of Bosak's argument does not address his assignment of error. App.R. 12(A)(2) provides:
"The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required by App.R. 16(A)."
 {¶ 7} If an argument exists that can support the assignment of error, it is not this court's duty to root it out.Citta-Pietrolungo v. Pietrolungo, Cuyahoga App. No. 85536,2005-Ohio-4814, citing Cardone v. Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673. We are able to glean from the brief, however, those arguments that pertain to the assignment of error and therefore will address them.
 {¶ 8} This court reviews the lower court's granting of summary judgment de novo. Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 131, 705 N.E.2d 717; Brown v. Scioto Bd. ofCommrs (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153.
 {¶ 9} The Ohio Supreme Court has established that summary judgment under Civ.R. 56 is proper when:
"(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made."
State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,511, 628 N.E.2d 1377; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp. v. Catrett
(1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Any doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359,604 N.E.2d 138. There is no issue for trial, however, unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 249-250, 91 L.Ed.2d 202,106 S.Ct. 2505.
 {¶ 10} R.C. 3929.06(A) provides in pertinent part:
"(1) If a court in a civil action enters a final judgment that awards damages to a plaintiff for injury, death, or loss to the person or property of the plaintiff * * * and if, at the time that the cause of action accrued against the judgment debtor, the judgment debtor was insured against liability for that injury, death, or loss, the plaintiff * * * is entitled as judgment creditor to have an amount up to the remaining limit of liability coverage provided in the judgment debtor's policy of liability insurance applied to the satisfaction of the final judgment.
(2) If, within thirty days after the entry of the final judgment * * * the insurer that issued the policy of liability insurance has not paid the judgment creditor * * *, the judgment creditor may file in the court that entered the final judgment a supplemental complaint against the insurer seeking the entry of a judgment ordering the insurer to pay the judgment creditor the requisite amount. Subject to division (C) of this section, the civil action based on the supplemental complaint shall proceed against the insurer in the same manner as the original civil action against the judgment debtor."
 {¶ 11} "The test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured." Motorists Mutual v. Trainor
(1973), 33 Ohio St.2d 41, 294 N.E.2d 874, paragraph two of the syllabus. If the insurance company is to be required to provide a defense for its policy holder, however, the underlying claims must at least arguably fall within the coverage of the policy.Cincinnati Ins. Co. v. Anders, 99 Ohio St.3d 156, 162,2003-Ohio-3048, 789 N.E.2d 1094.
 {¶ 12} Bosak originally sued HR Mason and Selective solely for breach of contract, alleging that the contractor did not install support footers and foundation walls to the specifications of the contract. The original complaint further alleged that Selective had a duty to indemnify HR Mason for breach of contract. Bosak then dismissed Selective from the original lawsuit. Bosak filed a supplemental complaint against Selective, but did not allege a breach of contract. Instead, Bosak alleged that Selective must provide indemnification for damages resulting from HR Mason's negligence and/or failure to perform in a workmanlike manner.
 {¶ 13} Pursuant to Trainor, supra, we first look to the allegations contained in the complaint to determine whether a duty to defend exists. The actual substance of the complaint, not how it is categorized, determines the nature of the claims.Ippolito v. First Energy Corp, Cuyahoga App. No. 84267,2004-Ohio-5876. "The term `claim,' as used in the context of Civ.R. 54(B), refers to a set of facts which give rise to legal rights, not to the various legal theories of recovery which may be based upon those facts. CMAX, Inc. v. Drewry PhotocolorCorp. (9th Cir. 1961), 295 F.2d 695, 697.
 {¶ 14} The supplemental complaint, while alleging negligence and failure to perform, essentially stems from HR Mason's breach of contract with Bosak. Although Bosak has stated a claim for indemnification based on negligence and failure to perform, it is couched under the facts and circumstances of HR Mason's breach of contract. Moreover, in order to maintain a negligence action, Bosak must prove that HR Mason owed them a duty. The only duty that arises in the instant case is a contractual one, which therefore takes the negligence action outside Selective's policy coverage. Although the complaint alleges that Selective provided coverage for damages resulting from HR Mason's negligence, any alleged duty herein arises from the contract between Bosak and HR Mason.
 {¶ 15} Further, the consent judgment resulted from a lawsuit for a breach of contract; the award did not result from a negligence action. Therefore, we find that the gravamen of the supplemental complaint is breach of contract.
 {¶ 16} R.C. 3929.06 applies to injury, death, or loss to the plaintiff's person or property for which there is insurance against such liability. It does not specifically cover breach of contract claims. Therefore, we must determine whether Bosak alleges a loss to property for which coverage applies.
 {¶ 17} In the original complaint, Bosak alleged that he and his wife were damaged "in that they were required to spend additional time and money to compensat[e] for [HR Mason's] actions." In the supplemental complaint, Bosak argues that Selective must indemnify HR Mason for their negligence and failure to perform actions, but Bosak fails to allege a loss to his property.
 {¶ 18} As part of our de novo review, we examine the entire record to see if evidence exists to support a finding that there was a loss to or damage of property for which liability coverage applies. Selective's policy defines "property damage," in relevant part, as "physical injury to tangible property, including all resulting loss of use of that property," and "loss of use of tangible property that is not physically injured." Our review of the record reveals no property damage claim.
 {¶ 19} Selective is liable only if it provided a policy to HR Mason that included coverage for suits arising out of contract claims. Pursuant to the terms of the insurance policy, Selective provided coverage to the contractor for:
" * * * [T]hose sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend the insured against any `suit' seeking those damages. However, we will have no duty to defend the insured against any `suit' seeking damages for `bodily injury' or `property damages' to which this insurance policy does not apply."
 {¶ 20} The policy, however, expressly excludes "liability assumed by [HR Mason] under any contract or agreement."
 {¶ 21} Selective also provided HR Mason with an umbrella policy. An umbrella policy generally serves as a gap-filler to provide additional coverage when damages exceed the limits of the primary policy or for damages that the primary policy does not cover. Selective's umbrella policy provides for additional coverage only when the net loss is greater than the retained limit that HR Mason is obligated to pay. Not unlike the general policy, the umbrella policy excludes "any obligation or liability assumed by the insured under any contract or agreement."
 {¶ 22} The insurance policy excludes contract claims from its coverage; therefore, Bosak is precluded from recovering from the insurer under a breach of contract theory. Further, because the negligence and breach of warranty actions are couched under a breach of contract claim, Selective's policies do not cover this action. Therefore, the insurer did not owe HR Mason a duty to defend against the lawsuit pursuant to R.C. 3929.06.
 {¶ 23} Additionally, the Ohio Supreme Court recently addressed the issue of filing a negligence action for recovery of economic losses when a contract exists in Corporex Development Construction Mgmt. v. Shook, Inc., 106 Ohio St.3d 412, 414,2005-Ohio-5409, 835 N.E.2d 701:
"The economic-loss rule generally prevents recovery in tort of damages for purely economic loss. See Chemtrol Adhesives, Inc.v. Am. Mfrs. Mut. Ins. Co. (1989), 42 Ohio St.3d 40, 45,537 N.E.2d 624; Floor Craft Floor Covering, Inc. v. Parma CommunityGeneral Hosp. Ass'n (1990), 54 Ohio St.3d 1, 3, 560 N.E.2d 206. `"The well-established general rule is that a plaintiff who has suffered only economic loss due to another's negligence has not been injured in a manner which is legally cognizable or compensable."' Chemtrol, 42 Ohio St.3d at 44, 537 N.E.2d 624, quoting Nebraska Innkeepers, Inc. v. Pittsburgh-Des MoinesCorp. (Iowa 1984), 345 N.W.2d 124, 126. See, also, FloorCraft, 54 Ohio St.3d at 3, 560 N.E.2d 206. This rule stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that `parties to a commercial transaction should remain free to govern their own affairs.' Chemtrol, 42 Ohio St.3d at 42,537 N.E.2d 624. See, also, Floor Craft, 54 Ohio St.3d at 7,560 N.E.2d 206, quoting Sensenbrenner v. Rust, Orling Neale Architects,Inc. (1988), 236 Va. 419, 425, 374 S.E.2d 55, 5 Va. Law Rep. 1040. `"Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts."' Floor Craft, 54 Ohio St.3d at 7,560 N.E.2d 206, quoting Sensenbrenner, 236 Va. at 425,374 S.E.2d 55."
 {¶ 24} Therefore, Bosak is also precluded from filing a negligence action for what is essentially a breach of contract claim.
 {¶ 25} Even if Bosak could proceed under the theories of negligence or failure to perform, he is still precluded from recovery.
 {¶ 26} Selective's policy provided HR Mason with insurance coverage and a duty to indemnify and defend it in any resulting lawsuit. That duty extends to all covered losses occasioned by an "occurrence," including property damage that occurs during the policy period.
 {¶ 27} Selective asserts that HR Mason's actions fail to constitute an occurrence. Ohio case law, however, indicates that allegations that a contractor failed to fulfill its duties in constructing or designing that which it had constructed, constitute an "occurrence" as Selective's policy, and most general commercial liability insurance policies uniformly define that term as an "accident." See Zanco, Inc. v. Michigan MutualIns. Co. (1984), 11 Ohio St.3d 114, 464 N.E.2d 513; AcmeConstr. Co. v. Cont'l Nat'l Indem. Co., Cuyahoga App. No. 81402, 2003-Ohio-434; Erie Ins. Exchange v. Colony Development Corp.
(1999), 136 Ohio App. 3d 406, 736 N.E.2d 941.
 {¶ 28} The relevant inquiry here is whether Bosak's allegations in the complaints state a claim that is potentially or arguably within the policy coverage, thereby requiring Selective to defend Bosak in the underlying action. See Erie,
supra.
 {¶ 29} Selective's policy, as well as most general commercial liability policies, contain what is generally referred to as a work performed exclusion. The exclusion bars coverage for property damage to "your work" arising out of the work and is included in the "products completed operations hazard." The "products completed operations hazard" excludes "all `bodily injury' and `property damage' arising out of `your product' or `your work.'"[2]
 {¶ 30} "Your work" is defined in the policy as:
"a. Work or operations performed by you or on your behalf; and,
"b. Materials, parts or equipment furnished in connection with such work or operations."[3]
 {¶ 31} In Acme Constr. Co. v. Cont'l Nat'l Indem. Co.,
Cuyahoga App. No. 81402, 2003-Ohio-434, an excavator filed a declaratory judgment action to require its insurer to perform under its contract of insurance based on losses incurred over a lawsuit with a property owner. We found that it was facially apparent that all of the excavator's claims fell under the work performed exclusion contained in the policy.
 {¶ 32} In Zanco, Inc. v. Michigan Mutual Ins. Co., (1984),11 Ohio St.3d 114, 464 N.E.2d 513, a builder sued a condominium complex that, in turn, filed a counterclaim alleging that the construction of the condominium was not performed in a workmanlike manner. The court affirmed the insurer's defense of the builder's counterclaims because of a policy exclusion for property damage to work performed by the builder. Id. at 116.
 {¶ 33} The insurance policy language in Acme Constr. Co.
and Zanco is almost identical to that found in the Selective policy. Selective's policy was never intended to insure the integrity or quality of HR Mason's work. The allegations of the original and supplemental complaints claimed damages for faulty construction by HR Mason. Since those allegations do not fall within the coverage provided, no duty to defend exists. SeeZanco, supra.
 {¶ 34} In Hahn's Elec. Co. v. Cochran, Franklin App. Nos. 01 AP-1391 and 01 AP-1394, 2002-Ohio-5009, a homeowner being sued for payment counterclaimed that her electrician's work was defective. The court found that the general commercial liability insurer had no duty to defend or indemnify based upon the work performed coverage exclusion contained in the policy, similar to the exclusions found in Zanco and the Selective policy.
 {¶ 35} Therefore, even if the allegations in the supplemental complaint fell within the coverage provisions of the general liability policy, Bosak's claims are otherwise excluded from coverage by operation of various exclusions in the policy that deny coverage for damages relating solely to a contractor's own work.
 {¶ 36} Exclusions in an insurance policy generally operate to ensure that most damage resulting from a contractor's own work is excluded from coverage because liability insurance should not be a warranty or performance bond for general contractors. PanzicaConstr. Co. v. Ohio Cas. Ins. Co. (May 16, 1996), Cuyahoga App. No. 69444. "This is to discourage careless work by making general contractors pay for any losses caused by their own work." Id. "Thus, a liability policy does not cover claims for the insured's defective or insufficient work or for the repair or replacement of that work." Acme Constr., supra.
 {¶ 37} Bosak requests that we find Selective liable for claims based upon two theories of liability that are different from those alleged in the underlying case. Bosak already received a judgment against HR Mason and may not change the theory of liability in his attempt to hold Selective liable. Simply put, Bosak recovered for a breach of contract and is precluded from now seeking recovery from an insurer under a different theory of liability. Moreover, Selective's policy expressly excluded both breach of contract claims and claims against property damage for the work HR Mason performed.
 {¶ 38} Therefore, we find that the pertinent language in the policy operates to relieve Selective of any duty to defend or indemnify.
 {¶ 39} The trial court did not err in granting summary judgment in favor of Selective.
 {¶ 40} Accordingly, we affirm the judgment of the trial court.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, JR., J. and Kilbane, J. Concur.
[1] HR Mason is not a party to this appeal.
[2] We note that the "work performed exclusion" in the policy does not apply "if the damaged work or the work out of which the damage arises was performed on the insured's behalf by a subcontractor." Here, Bosak does not allege that subcontractors performed work on behalf of HR Mason. As such, the "work performed exclusion" applies to this case.
[3] The umbrella policy contains the same exclusions as the general policy.