[Cite as *Craig v. Sagraves*, 2025-Ohio-4960.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Jessica Craig,                                  :

      Plaintiff-Appellee,            :

v.                                              :             No. 25AP-214
                                                            (C.P.C. No. 23CV-2721)
Pamela Sagraves,                                :
                                                          (ACCELERATED CALENDAR)
      Defendant-Appellant/           :
      Third-Party Plaintiff,
                                                :
[Lightning Rod Mutual Casualty Company,
                                                :
      Third-Party Defendant-
      Appellee].                     :

D E C I S I O N

Rendered on October 30, 2025

**On brief:** *The Behal Law Group LLC*, and *John M. Gonzalez*, for Pamela Sagraves. **Argued:** *John M. Gonzalez.*

**On brief:** *Weston Hurd LLP*, *John G. Farnan*, and *Patrick M. Cannell*; *Western Reserve Group*, and *David L. Jarrett*, for Lightning Rod Mutual Casualty Company. **Argued:** *David L. Jarrett.*

APPEAL from the Franklin County Court of Common Pleas

DINGUS, J.

{¶ 1} Defendant-appellant/third-party plaintiff, Pamela Sagraves, appeals from a judgment of the Franklin County Court of Common Pleas denying Sagraves' motion for judgment on the pleadings and granting the summary judgment motion of third-party defendant-appellee, Lightning Rod Mutual Casualty Company ("Lightning Rod"). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In April 2023, plaintiff-appellee, Jessica Craig, initiated an action against Sagraves arising from a construction contract entered between Craig and Basements by Design LLC ("Basements by Design") for kitchen remodeling work at Craig's property. Craig alleged she entered into a remodeling contract with Basements by Design in November 2022, and, in December 2022, paid $16,000 as a deposit for the purchase of new cabinetry. Basements by Design's president and principal, Steve Sagraves (Pamela's husband), died before any progress was made on the project. Craig further alleged that, despite denying any involvement with Basements by Design, Pamela Sagraves endorsed checks made payable to Basement by Design, and she was listed with the Better Business Bureau as the officer manager and the contact for Basements by Design. Craig's efforts to obtain a return of her deposit were unsuccessful. Craig asserted claims against Sagraves for unjust enrichment, fraud/theft/defrauding creditors, fraudulent transfer, and conversion.

{¶ 3} In August 2023, Sagraves filed an answer and third-party complaint against Western Reserve Group and Western Reserve Financial Corp. (collectively "the Western Reserve defendants"), alleging these third-party defendants breached an insurance policy issued to Basements by Design ("the policy") because they refused to defend Sagraves in the action. The Western Reserve defendants filed a counterclaim for declaratory judgment. These defendants asserted they were improperly named as defendants because Lightning Rod issued the policy, and, regardless, Sagraves was not entitled to a defense or indemnity coverage under the policy. Sagraves amended her third-party complaint to include Lightning Rod as a defendant, in addition to the Western Reserve defendants. Along with the Western Reserve defendants, Lightning Rod filed a counterclaim for declaratory judgment asserting Sagraves was not entitled to a defense or any indemnity coverage under the policy as to Craig's claims against Sagraves. Soon thereafter, all parties stipulated the Western Reserve defendants were not proper parties to the ligation and should be dismissed with prejudice, and Lightning Rod is the insurer under the policy.

{¶ 4} On November 7, 2023, Sagraves moved for judgment on the pleadings pursuant to Civ.R. 12(C) as to her third-party complaint against Lightning Rod. Two weeks later, Lightning Rod moved for summary judgment pursuant to Civ.R. 56 as to its

counterclaim against Sagraves. In June 2024, the trial court denied Sagraves' motion for judgment on the pleadings and granted Lightning Rod's motion for summary judgment. Craig's claims against Sagraves were tried to the court and, in January 2025, the court entered final judgment in favor of Craig in the amount of $6,300.

{¶ 5} Sagraves timely appeals.

## II. Assignment of Error

{¶ 6} Sagraves assigns the following sole assignment of error for our review:

> The Trial Court erred By Granting Lightning Rod Mutual Casualty's Motion for Summary Judgment and overruling Mrs. Sagraves' Motion for Judgment on the Pleadings.

## III. Discussion

{¶ 7} Sagraves' sole assignment of error contends the trial court erred in granting Lightning Rod's motion for summary judgment and denying her motion for judgment on the pleadings. This assignment of error is not well-taken.

{¶ 8} Pursuant to Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When presented with such a motion, a court must construe all the material allegations of the complaint as true and must draw all reasonable inferences in favor of the non-moving party. *Zhelezny v. Olesh*, 2013-Ohio-4337, ¶ 8 (10th Dist.). Therefore, a Civ.R. 12(C) motion "tests the allegations of the complaint and presents a question of law." *Id.* at ¶ 9.

{¶ 9} Summary judgment also presents a question of law as it is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 1997-Ohio-221.

{¶ 10} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 1996-Ohio-107. However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the non-moving party has no evidence to prove its case; the

moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the non-moving party has no evidence to support the non-moving party's claims. *Id.*; *Vahila v. Hall*, 1997-Ohio-259. Once the moving party discharges its initial burden, summary judgment is appropriate if the non-moving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 11} Because they present questions of law, we review de novo the trial court's decisions on the Civ.R. 12(C) and 56 motions. *RotoSolutions, Inc. v. Crane Plastics Siding, L.L.C.*, 2013-Ohio-4343, ¶ 13 (10th Dist.); *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.).

{¶ 12} The insurance coverage dispute in this matter centers on whether Lightning Rod had a duty to defend Sagraves as to Craig's claims against her arising from Craig's payment of $16,000 as a deposit for a construction project to be completed by Basements by Design. Sagraves argues that Lightning Rod had a duty to defend her because Craig's claims against her potentially or arguably fell within the scope of the policy, namely, the policy provision covering loss or damage from employee dishonesty. We disagree.

{¶ 13} The duty to defend is broader than and distinct from the duty to indemnify. *Ward v. United Foundries, Inc.*, 2011-Ohio-3176, ¶ 19; *Ohio Govt. Risk Mgt. Plan v. Harrison*, 2007-Ohio-4948, ¶ 19. The scope of the allegations in the complaint against the insured determines whether an insurer has a duty to defend the insured. *Ward* at ¶ 19. An insurer's duty to defend is absolute when the complaint contains allegations stating a claim that is potentially or arguably within the scope of coverage of the insurance policy. *Cardiothoracic & Vascular Surgical Specialists, Inc. v. Travelers Indemn. Co.*, 2006-Ohio-6947, ¶ 20 (10th Dist.), citing *Sanderson v. Ohio Edison Co.*, 1994-Ohio-379, paragraph one of the syllabus; *Ward* at ¶ 19, citing *Ohio Govt. Risk Mgt. Plan* at ¶ 19. The actual substance of the complaint, not how it is categorized, determines the nature of the claims against the insured. *Bosak v. H & R Mason Contrs., Inc.*, 2005-Ohio-6732, ¶ 13 (8th Dist.). If an insurer must defend one claim within a complaint, it must defend the insured on all other claims within the complaint "even if they bear no relation to the policy coverage." *Cardiothoracic & Vascular Surgical Specialists, Inc.* at ¶ 20.

{¶ 14} However, there is no duty to defend "if there is no set of facts alleged in the complaint which, if proven true, would invoke coverage." *Cincinnati Indem. Co. v. Martin*, 1999-Ohio-322, ¶ 6; *see Cincinnati Ins. Co. v. Robert W. Setterlin & Sons*, 2007-Ohio-5094, ¶ 11 (10th Dist.) ("[A]n insurer need not defend any action or any claims within the complaint when all the claims are clearly and indisputably outside of the contracted policy coverage."). Further, "courts will not imply that a cause of action has been pled in a complaint merely because the allegations in the complaint indicate that another cause of action might have happened." *Erie Ins. Exchange v. Lansberry*, 2008-Ohio-1553, ¶ 42 (7th Dist.).

{¶ 15} Here, in "Section II – Liability," the policy expressly provides that Lightning Rod has the duty to defend "the insured" against any "suit" seeking "damages because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies." For this purpose, " 'insured' means any person or organization qualifying as such under Paragraph C. Who Is An Insured." Under Paragraph "C. Who Is An Insured," Basements by Design, the "you" designated in the Declarations, is an insured. "Your [Basements by Design's] members are also insureds, but only with respect to the conduct of your business. [And] [y]our managers are insureds, but only with respect to their duties as your managers." Thus, under this provision and depending on the facts, managers can be insureds. Because Craig's complaint alleged that Sagraves was a manager for Basements by Design, she possibly was an insured under the policy. But the scope of coverage for an insured set forth under the policy ultimately determined Lightning Rod's duty to defend obligation. And despite Sagraves arguably being an insured under the third-party liability coverage section of the policy—"Section II – Liability"—she does not allege coverage under any provision within that section.

{¶ 16} Instead, as to the scope of coverage issue, Sagraves cites and relies exclusively on the policy's "employee dishonesty" provision contained within the first-party property coverage section of the policy. The policy, within "Section I – Property," contains the following optional "property coverage" for "employee dishonesty": "We will pay for direct loss of or damage to Business Personal Property and 'money' and 'securities' resulting from dishonest acts committed by any of your employees acting alone or in collusion with other persons (except you or your partner)." This provision also expressly states that "[w]e will

pay only for loss or damage you sustain through acts committed or events occurring during the policy period." For the purpose of this provision, "we" means the company providing the insurance, Lightning Rod, and "you" is the named insured, Basements by Design.

{¶ 17} Sagraves reasons that because the policy provides coverage for employee dishonesty and because Craig's complaint alleged Sagraves committed misconduct as a manager of Basements by Design, Lightning Rod had a duty to defend her in the lawsuit. But Sagraves' reasoning is flawed. As set forth above, the employee dishonesty provision, contained in "Section I – Property," only covers loss or damage to "you," the named insured under the policy—in this case Basements by Design. This provision does not even arguably provide coverage to Sagraves; in contrast to third-party liability coverage, this coverage is expressly limited to first-party property losses or damages sustained by Basements by Design. Insofar as Sagraves is arguably an insured with coverage under Section II of the policy, this coverage is separate and distinct from coverage to Basements by Design under the employee dishonesty provision in Section I of the policy. Simply stated, it is clear and indisputable that Sagraves has no coverage under the policy's employee dishonesty provision. Consequently, we reject Sagraves' reliance on that provision as a basis for Lighting Rod's purported duty to defend.

{¶ 18} Because Sagraves fails to show Lighting Rod had a duty to defend her against Craig's claims, we conclude the trial court properly denied Sagraves' motion for judgment on the pleadings and granted Lighting Rod's summary judgment motion. Accordingly, we overrule Sagraves' sole assignment of error.

## IV. Disposition

{¶ 19} Having overruled Sagraves' sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT and EDELSTEIN, JJ., concur.

———————————————