[Cite as *Maxum Indemn. Co. v. Selective Ins. Co. of South Carolina*, 2012-Ohio-2115.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| MAXUM INDEMNITY COMPANY | C.A. No.     11CA0015 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO CASE No.     09-CV-0818 |
| Appellee | |

DECISION AND JOURNAL ENTRY

Dated: May 14, 2012

---

MOORE, Judge.

{¶1}   Appellant, Maxum Indemnity Co. ("Maxum"), appeals from the judgment of the Wayne County Court of Common Pleas. We reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2}   On June 2, 2006, McClintock Electric, Inc. ("McClintock") hired Richard Maze to work as a subcontractor in its Orville, Ohio facility. Maze claimed that on the same day, he was riding with a McClintock employee on a manlift when the lift hit a hole in the facility's floor and tipped over, causing Maze to fall approximately twenty feet from the lift to the floor. Maze and his wife brought suit against several defendants, including McClintock and Safety Resource Co. of Ohio ("Safety Resource"), alleging their liability in causing his injuries.

{¶3}   Safety Resource held a professional liability insurance policy with Maxum and held a business liability insurance policy with Selective Insurance Co. of South Carolina

("Selective"). Safety Resource notified both insurers of Maze's claim. Maxum commenced defense of Safety Resource after making a full reservation of Maxum's rights. Selective denied coverage and refused to defend Safety Resource. Ultimately, Maze and Safety Resource settled their claims out of court.

{¶4} Thereafter, Maxum filed a complaint for declaratory judgment against Selective, asking the trial court to determine that Selective had a duty to defend Safety Resource in the Maze lawsuit as the primary insurer and that Maxum, as the excess insurer, had a right of contribution or indemnification from Selective for the expenses Maxum incurred defending Safety Resource and for contribution or indemnification for the settlement amount.

{¶5} Maxum filed a motion for partial summary judgment and Selective filed a cross-motion for summary judgment. In its motion, Maxum argued that, based upon the allegations of the complaint, Selective had a duty to defend Safety Resource in the Maze lawsuit, and based upon the parties' respective "other insurance" provisions, Selective was the primary insurer. In its motion, Selective contended that Maze's claims against Safety Resource arose from professional services rendered by Safety Resource to McClintock, and coverage of these claims was excluded from Selective's insurance contract with Safety Resource. Based upon these arguments, Selective maintained that it had no duty to defend Safety Resource, and it was not liable for payment of the claim.

{¶6} On March 25, 2011, the trial court issued a judgment entry granting Selective's motion and denying Maxum's motion upon the court's determination that Selective had no duty to defend Safety Resource in the Maze lawsuit, and consequently no duty to indemnify. Maxum timely filed a notice of appeal from the judgment of the trial court and presents three assignments

of error for our review. We have consolidated the first and second assignments of error for ease of discussion.

## II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN CONSIDERING THE AFFIDAVIT OF RICHARD MARSHALL IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SELECTIVE[.]

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF SELECTIVE[.]

**{¶7}** In its first assignment of error, Maxum argues that the trial court should not have considered an affidavit of a Selective employee, Richard Marshall, in ruling on Selective's motion for summary judgment. In its second assignment of error, Maxum contends that the trial court erred in granting summary judgment in favor of Selective. We agree.

**{¶8}** We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

**{¶9}** Pursuant to Civ.R. 56(C), summary judgment is proper only if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher*

*v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id*. at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id*.

{¶10} In its motion for summary judgment, Selective argued that it had no duty either to defend or to indemnify Safety Resource based upon its policy's exclusions from coverage of injuries arising from "professional services" rendered by Safety Resource and based upon its determination that Maze's claims arose from these professional services. In his complaint, Maze claimed that Safety Resource "maintained, inspected, repaired, operated and/or controlled the real and personal property" described in the complaint, which Maze claimed included the manlift and the concrete floor at the facility. Maze argued that because of this, Safety Resource owed a duty of care to him, which Safety Resource breached by failing to set up adequate barriers, provide coverings, and warn of the existence of the large openings in the floor. Further Maze alleged that Safety Resource was negligent in failing to properly train or instruct employees on the safe use of the manlift and the facility.

{¶11} The Selective policy sets forth that "'bodily injury,' 'property damage,' 'personal and advertising injury' caused by the rendering or failure to render any professional service" is excluded from coverage. Selective argued that Safety Resource was in the business of providing safety consulting services, and it was from these professional safety services rendered to McClintock that the Maze claims arose.

{¶12} In support of its argument, Selective attached the affidavit of its employee, Richard Marshall. In his affidavit, Marshall averred that he had personal knowledge of the matters set forth therein. Marshall stated that, through the course of his employment, he

investigated Maze's claims against Safety Resource. Through his investigation, he "learned that [Safety Resource] had entered a contract to serve as a safety consultant at the jobsite at which [ ] Maze allegedly sustained injury." Marshall set forth that such services involved "inspecting work for and supervising workers in their adherence to safety rules, regulations, and protocols." Further, Marshall stated that "[Safety Resource] evaluated, consulted on, advised about, instructed and reported on safety issues related to the status of the worksite, the work, and the workers." Marshall determined that Maze's complaint alleged that Safety Resource was negligent in those services, causing Maze's damages. Because of this, Marshall "concluded that the claim was excluded from coverage under the Selective policy by the 'professional services' and 'errors or omissions' exclusions."

{¶13} In its order, the trial court agreed with Selective and determined that Selective did not have a duty to defend. Because it found Selective did not have a duty to defend, the court did not address Maxum's argument that Selective provide coverage of Maxum's expenses. The trial court reached this conclusion after reviewing the Maze complaint, the Selective policy, and Marshall's affidavit.

{¶14} However, Maxum argues that the trial court erred in considering Marshall's affidavit. Maxum first argues that an insurer's duty to defend is broader than its duty to indemnify, and a court's determination as to an insurer's duty to defend is limited to a review of the complaint and the insurance contract at issue. Thus, Maxum argues that the trial court could not review Marshall's affidavit in its determination of whether Selective had a duty to defend Safety Resource. Secondly, Maxum argues that Marshall's affidavit failed to comport with the requirements of Civ.R. 56.

{¶15} As to Maxum's first argument, Maxum depends largely upon the Supreme Court's holding in *Willoughby Hills v. Cincinnati Ins. Co.*, 9 Ohio St.3d 177 (1984). There, the Court held that "[t]he test of the duty of an insurance company, under a policy of liability insurance, to defend an action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make a defense, regardless of the ultimate outcome of the action or its liability to the insured." *Id.* at paragraph two of the syllabus. The Court further determined that "where the insurer's duty to defend is not apparent from the pleadings in the case against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage had been pleaded, the insurer must accept the defense of the claim." *Id.* at 180.

{¶16} These principles apply equally to situations where the allegations set forth in the complaint could arguably be covered by two insurers. *Ins. Co. of N. Am. v. Travelers Ins. Co.*, 118 Ohio App.3d 302, 314 (8th Dist.1997). In such a situation "a primary insurer violates its duty to defend at its own peril, and * * * its breach of that duty will make it liable for anything the secondary insurer had to pay in a good-faith settlement of the claim as a result of the primary insurer's breach of that duty." *Sanderson v. Ohio Edison Co.*, 69 Ohio St.3d 582, 587 (1994).

{¶17} Therefore, even where an insurer's coverage based upon the underlying allegations is doubtful, the insurer must defend the insured if the allegations potentially are covered. *Willoughby Hills*, 9 Ohio St.3d at 179. However once the insurer is able to establish that there is no set of facts that would bring the allegations of the complaint within coverage of its policy, its duty to defend is extinguished. *Id.* Thus, although we agree with Maxum that determination of Selective's initial duty to defend must be made by reference to the allegations

of the complaint in light of the terms of Selective's policy, determination of the purported *termination* of the duty to defend must be made by reference to sources beyond the complaint. *See id.*

{¶18} Nevertheless, the trial court erred in reviewing Marshall's affidavit in consideration of either the commencement or termination of Selective's duty to defend, as the affidavit failed to comply with Civ.R. 56(E). This rule provides that affidavits submitted in support of or in opposition to motions for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "'Personal knowledge' has been defined as 'knowledge of factual truth which does not depend on outside information or hearsay.'" *Modon v Cleveland*, 9th Dist. No. 2945-M, 1999 WL 1260318, *2 (1999), quoting *Wall v. Firelands Radiology, Inc.*, 106 Ohio App.3d 313, 335 (6th Dist.1995). We have held that "[u]nless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated." *Bank One, N.A. v. Swartz*, 9th Dist. No. 03CA008308, 2004-Ohio-1986, ¶ 14, citing *State, ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459 (1981), paragraph two of the syllabus. However, "[i]f particular averments contained in an affidavit suggest that it is unlikely that the affiant has personal knowledge of those facts, then * * * something more than a conclusory averment that the affiant has knowledge of the facts would be required." *Swartz* at ¶ 14, quoting *Merchants Natl. Bank v. Leslie*, 2d Dist. No. 3072, 1994 WL 12433 (Jan. 21, 1984).

{¶19} Here, it is unclear from Marshall's affidavit if the McClintock/Safety Resource contract to which he refers was in written form, as he did not specify this fact in his affidavit, nor was a copy of a purported contract submitted. Despite the absence of records establishing the terms of this purported contract, Selective maintains that Marshall had personal knowledge of the contract and its terms because he specifically attested that he had personal knowledge of the matters contained within the affidavit, and he stated that he "learned that" Safety Resource had contracted to perform safety services for McClintock through his investigation of the Maze claim.

{¶20} Selective cites our decision in *Bank of Am., Natl. Assn. v. Ly*, 9th Dist. No. 25360, 2011-Ohio-437, where we held that an employee's affidavit demonstrated that the affiant met the personal knowledge requirements of Civ.R. 56. *Ly* involved a foreclosure case where the plaintiff filed a summary judgment motion attaching an affidavit of the plaintiff's employee. In his affidavit, the affiant attested that he was "Vice President, Default Servicing" for the company servicing the loan. *Id.* at ¶ 14. The affiant stated that the defendant was in default, and that, pursuant to the note and mortgage, the loan had been accelerated, and set forth the balance owed under the note. The affiant attached copies of the note, mortgage and assignments, to which he referred in his affidavit, and he attested that the copies were accurate copies of the original documents, which were kept in the ordinary course of business. We determined that the facts of the affidavit created a reasonable inference that the affiant had personal knowledge of the facts set forth in his affidavit, and that the averments and documents were not inadmissible hearsay.

{¶21} Selective also cites to our holding in *CitiMortgage, Inc. v. Elia*, 9th Dist. No. 25482, 2011-Ohio-2499, where we held an affidavit was sufficient to satisfy the personal knowledge requirement of Civ.R. 56(E) although the affiant failed to aver personal knowledge

and the affiant failed to attach any document referenced in the affidavit. However, both *Ly* and *Elia* are distinguishable from the present case, as the affidavits there at issue contained facts sufficient to infer personal knowledge of the affiant of matters set forth in business records maintained in the ordinary course of their businesses. *Ly* at ¶ 14, *Elia* at ¶ 9.

{¶22} Here, Marshall's affidavit does not disclose the position he holds or the scope of his job responsibilities. Inasmuch as he was employed by Selective, and not Safety Resource, his averment that he "learned" of the contract through his investigation suggests that his knowledge of the contract terms "depend[ed] on outside information or hearsay," and thus his averments were not based upon personal knowledge. *Modon* at *2. Because the "averments contained in [the] affidavit suggest that it is unlikely that [Marshall had] personal knowledge of those facts," we cannot infer personal knowledge from the averment of personal knowledge alone. *See Swartz* at ¶ 14. Therefore, the trial court erred in considering Marshall's affidavit.

{¶23} Without consideration of Marshall's affidavit, a material question of fact existed as to whether Maze's claims against Safety Resource arose from professional services that Safety Resource was rendering to McClintock, as Maze's complaint alleged only that Safety Resource owed him a duty based upon broad allegations of Safety Resource's ownership, control or management of the manlift and the Orville facility. Further, the contract was not in the record before the trial court, so it could make no independent assessment of the contractual relationship between the parties. Therefore, Selective failed to meet its initial *Dresher* burden of establishing the absence of a material question of fact, and the trial court erred in granting summary judgment to Selective. Accordingly, Maxum's first and second assignments of error are sustained.

**ASSIGNMENT OF ERROR NO. 3**

THE TRIAL COURT ERRED IN DENYING [ ] MAXUM'S MOTION FOR PARTIAL SUMMARY JUDGMENT[.]

**{¶24}** In its third assignment of error, Maxum contends that the trial court erred in denying its motion for partial summary judgment, wherein Maxum sought a determination that Selective had the duty to defend Safety Resource as the primary insurer.

**{¶25}** On Maxum's motion, it bears the initial burden of establishing the absence of a genuine issue of fact. *Dresher*, 75 Ohio St.3d at 292-93. Further, the facts must be construed most strongly in favor of the nonmoving party, Selective, and all doubt resolved in Selective's favor. *Viock*, 13 Ohio App.3d at 12.

**{¶26}** First, Maxum argues that the there was no question of material fact that Selective had a duty to defend. Maxum again bases this argument on the proposition that the trial court may consider only the allegations in the complaint in its determination. However, as Maxum does not dispute its own duty to defend, it further argues that it is entitled to recover all of its defense costs based upon the parties' respective "other insurance" provisions.

**{¶27}** Maxum's "other insurance" clause under which it argues that its policy is "excess" provides that "[i]f other insurance is available to an 'insured' covering a 'claim' also covered under this policy" then the Maxum policy shall provide coverage in excess of the deductible and the limits of the other insurance. Selective's "other insurance" clause provides that it would provide excess business liability coverage over "any other insurance that insures for direct physical loss or damage; or[ a]ny other primary insurance available to [the insured] covering liability for damages arising out of the premises or operations for which [the insured] ha[s] been added as an additional insured by attachment of an endorsement." However, this

provision applies to business liability coverage, from which the policy excludes "professional services."

{¶28} In its motion, Maxum did not argue that the Selective policy covered the underlying claim. Instead, Maxum premised applicability of the "other insurance" provisions on its argument that Selective had a duty to defend based solely upon the allegations of the complaint. However, under both insurers' "other insurance" clauses, a determination of ultimate liability coverage must be made in order to determine primary and excess of coverage, since, if Selective had no ultimate liability to cover Maze's claim, it would be neither a primary nor an excess insurer under either policy's "other insurance" provisions. Unlike determination of an insurer's initial duty to defend, determination of ultimate liability coverage is not limited to review of the allegations of the complaint. *See Willoughby Hills*, 9 Ohio St.3d at 179 (duty to defend is broader than duty to indemnify).

{¶29} Therefore, Maxum failed to meet its initial burden of demonstrating the absence of a question of material fact of whether the Selective policy covered Maze's allegations. Accordingly, the trial court did not err in denying Maxum's motion, and Maxum's third assignment of error is overruled.

III.

{¶30} Maxum's first and second assignments of error are sustained. Maxum's third assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
CONCURS.

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BRET C. PERRY, KEITH HANSBROUGH, and JASON A. PASKAN, Attorneys at Law, for Appellant.

RICHARD A. WILLIAMS and SUSAN S. R. PETRO, Attorneys at Law, for Appellee.