Kennedy, J.,
dissenting.
{¶ 43} Respectfully, I dissent. I would hold that appellant Auto Owners (Mutual) Insurance Company (“Auto-Owners”) had no duty to defend appellee Steve Granger against Valerie Kozera’s discrimination lawsuit because the Auto-Owners’ umbrella policy excluded from coverage those injuries that are expected or intended by the insured. Accordingly, I would reverse the judgment of the court of appeals and reinstate the trial court’s order of summary judgment in favor of Auto-Owners.

Insurance Coverage

{¶ 44} “The duty [of the insurer] to defend [the insured] is determined by the scope of the allegations in the [plaintiffs] complaint.” Ward v. United Foundries, Inc., 129 Ohio St.3d 292, 2011-Ohio-3176, 951 N.E.2d 770, ¶ 19, citing Ohio Govt. Risk Mgt. Plan v. Harrison, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 19. “If the allegations state a claim that potentially or arguably falls within the liability insurance coverage, then the insurer must defend the insured in the action.” Id. When the policy excludes coverage for bodily injury or property damage that is expected or intended by the insured, the insured’s conduct is not covered by the policy and the insurer has no duty to defend. Preferred Risk Ins. Co. v. Gill, 30 Ohio St.3d 108, 113, 507 N.E.2d 1118 (1987). However, even “when there is no evidence of direct intent to cause harm and the insured denies any intent to cause harm, the insured’s intent to cause harm will be inferred as a matter of law in certain instances” (the “inferred-intent doctrine”). Allstate Ins. Co. v. Campbell, 128 Ohio St.3d 186, 2010-Ohio-6312, 942 N.E.2d 1090, ¶ 9, citing Gearing v. Nationwide Ins. Co., 76 Ohio St.3d 34, 665 N.E.2d 1115 (1996), paragraph one of the syllabus.
{¶ 45} In Campbell, we “clarif[ied] that the doctrine of inferred intent applies only in cases in which the insured’s intentional act and the harm caused are intrinsically tied so that the act has necessarily resulted in the harm.” (Emphasis added.) Id. at ¶ 56. Justice O’Donnell disagreed with the majority’s adoption of the “intrinsically tied” test. Id. at ¶ 76-78 (O’Donnell, J., concurring in part *68 and dissenting in part). He opined that the majority improperly discounted precedent that had established a “substantial certainty” test for determining when inferred intent applied. Id. at ¶ 77, citing Gearing at 39 and Physicians Ins. Co. v. Swanson, 58 Ohio St.3d 189, 193, 569 N.E.2d 906 (1991). While I agree with Justice O’Donnell’s concerns, I also recognize that the “intrinsically tied” test is the law after Campbell.

Discrimination and Harm Are “Intrinsically Tied”

“Discrimination is not simply dollars and cents * * *; it is the humiliation, frustration, and embarrassment that a person must surely feel when he is told that he is unacceptable as a member of the public because of his race or color. It is equally the inability to explain to a child that regardless of education, civility, courtesy, and morality he will be denied the right to enjoy equal treatment, even though he be a citizen of the United States and may well be called upon to lay down his life to assure this Nation continues.”
Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 292, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964) (Goldberg, J., concurring), quoting S.Rep. No. 88-872, at 16 (1964).
{¶ 46} Courts have recognized that injury is inherent[1] in the act of discrimination. See Gresham v. Windrush Partners, Ltd., 730 F.2d 1417, 1423 (11th Cir.1984) (“injury may be presumed from the fact of discrimination and violations of the fair housing statutes”); Innovative Health Sys., Inc. v. White Plains, 931 F.Supp. 222, 238 (S.D.N.Y.1996) (“A general allegation of discrimination embraces its inherent harms, such as stigma, insult, and the inability to receive the same opportunities as those who do not face discrimination”); see also Feurer v. Curators of Univ. of Missouri, E.D. Missouri No. 4:06CV750 HEA, 2006 WL 2385260, *2 (Aug. 17, 2006). I agree.

Auto-Owners Had No Duty to Defend

{¶ 47} The insurance policy at issue is Granger’s umbrella policy provided by Auto-Owners, which excludes from coverage “[p]ersonal injury or property damage expected or intended by the insured.”
*69 Thomas C. Loepp Law Offices Co. and Thomas C. Loepp, for appellees.
McNeal, Schick, Archibald & Biro Co., L.P.A., Brian T. Winchester, and Patrick J. Gump, for appellants.
{¶ 48} Fair Housing Contact Service, Inc. (“FHCS”), a nonprofit organization that promotes fair housing, filed a discrimination claim on behalf of Kozera against Granger in federal court alleging a violation of the Fair Housing Act, 42 U.S.C. 3601 et seq., which prevents discrimination in housing based on race and familial status. 42 U.S.C. 3604. The complaint alleged that Kozera is African-American and has a minor child. It also alleged that when Kozera called Granger about renting a house she had seen on Craigslist, Granger asked who would be living at the house and then said that “he would not rent the Premises to anyone with children.” In his deposition, Granger denied that he refused to rent the house to Kozera.
{¶ 49} The complaint alleged that as part of its investigation of Kozera’s case, FHCS sent testers to inquire about renting housing from Granger. Granger allegedly made racially discriminatory remarks toward the testers.
{¶ 50} The complaint claims discrimination. See 42 U.S.C. 3604. Because discrimination and injury are intrinsically tied, the inferred-intent doctrine applies, which means that when Granger acted in a discriminatory manner, he intended injury as a matter of law, for the purpose of determining insurance coverage. Therefore, Auto-Owners had no duty to defend Granger because the umbrella policy excludes from coverage an “injury” that is “expected or intended by the insured.”
{¶ 51} Accordingly, I would reverse the judgment of the court of appeals and reinstate the trial court’s grant of summary judgment in favor of Auto-Owners. I respectfully dissent.
O’Donnell, J., concurs in the foregoing opinion.

. “Inherent” and “intrinsic” are synonymous. “Inherent” means “structual or involved in the constitution or essential character of something: belonging by nature or settled habit,” Webster’s Third New International Dictionary 1163 (1986), while “intrinsic” means “belonging to the inmost constitution or essential nature of a thing: essential or inherent and not merely apparent, relative, or accidental,” id. at 1186.