[Cite as *Orthopedic & Neurological Consultants, Inc. v. Cincinnati Ins. Group*, 2018-Ohio-185.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Orthopedic & Neurological
Consultants, Inc., et al.,
                                                :
                                                :
        Plaintiffs-Appellants,          :                No. 17AP-407
                                                                 (C.P.C. No. 16CV-5552)
                                                :
v.
                                                :        (ACCELERATED CALENDAR)
The Cincinnati Insurance Company,
                                                :
        Defendant-Appellee.
                                                :

D E C I S I O N

Rendered on January 18, 2018

**On brief:** *Ice Miller LLP, James E. Davidson, Nicholas B.
Reuhs,* and *Derek R. Molter*, for appellants.   **Argued:**
*Nicholas B. Reuhs.*

**On brief:** *Peters & Nye LLP*, and *Nancy K. Tordai*; *Freund,
Freeze & Arnold*, and *Sandra R. McIntosh,* for appellee.
**Argued:** *Nancy K. Tordai.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Plaintiffs-appellants, Carl Berasi, D.O., Mark E. Gittins, D.O., Gregory A.
Mavian, D.O., Daryl R. Sybert, D.O., Michael B. Cannone, D.O., Larry T. Todd, D.O.,
Desmond J. Stutzman, D.O., Jeffrey E. Gittins, D.O., Martin Taylor, D.O., Donald Rohl,
D.O., Ying Chen, D.O., Robert J. Nowinski, D.O., and Jeremy Mathis, D.O. ("individual
appellants"), and Orthopedic & Neurological Consultants, Inc. ("ONC"), appeal from a
judgment of the Franklin County Court of Common Pleas granting summary judgment in
favor of defendant-appellee, The Cincinnati Insurance Company ("Cincinnati Insurance").
For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} This matter arises from an insurance coverage dispute. In June 2016, Michael J. Simek, M.D., Scott M. Otis, M.D., and Emily J. Yu, M.D. ("Simek plaintiffs"), filed an amended complaint ("Simek complaint") in the Franklin County Court of Common Pleas against appellants ("Simek case"). In the Simek complaint, the Simek plaintiffs asserted multiple claims against appellants relating to appellants' alleged fiduciary and contractual obligations to the Simek plaintiffs as partners in a real estate partnership and as shareholders in the ONC medical practice. The Simek complaint alleges that, at differing times between 1998 and 2009, the Simek plaintiffs became employee-shareholders in ONC and partners in the real estate partnership. The Simek complaint further alleges that the individual appellants wrongfully took action to maximize their own personal income, to the detriment of the Simek plaintiffs, in breach of their fiduciary duties to the Simek plaintiffs. As a result, the Simek plaintiffs decided not to continue as ONC shareholders and partners in the real estate partnership. Consequently, on May 1, 2014, the Simek plaintiffs each signed three documents: a purchase of partnership interest agreement, under which the Simek plaintiffs would sell their partnership interests to the individual appellants; a stock purchase agreement to effectuate the buyout of the Simek plaintiffs' shares in ONC; and a new employment agreement with ONC. The Simek complaint plainly alleges breaches of the stock purchase agreement and the partnership interest purchase agreement. The parties dispute whether the Simek plaintiffs have alleged a claim for breach of an employment agreement.

{¶ 3} A few days after the filing of the Simek complaint, appellants initiated an action alleging that Cincinnati Insurance had breached its duties to defend and indemnify them in the Simek case. Effective July 18, 2015, Cincinnati Insurance insured appellants through a "Health Care Institutions Blue Chip Policy" ("policy"). The policy includes separate coverage provisions, only one of which is relevant for the purpose of this appeal —Part II of the policy, "Employment Practices Liability Coverage" ("EPL Coverage"). Generally, the policy's EPL Coverage part provides coverage for losses incurred by appellants resulting from employment related claims. In their complaint, appellants allege that Cincinnati Insurance wrongfully denied their demand for a defense and indemnification in the Simek case.

{¶ 4}    In December 2016, appellants moved for partial summary judgment on the asserted basis that Cincinnati Insurance has a duty to defend them in the Simek case. Cincinnati Insurance also moved for summary judgment, arguing that it has no duty or obligation to defend or indemnify appellants in the Simek case. In May 2017, the trial court found no duty to defend and therefore partially granted Cincinnati Insurance's motion for summary judgment. Conversely, the trial court denied appellants' motion for partial summary judgment. Because it found no duty to defend, the trial court determined that resolution of the indemnification issue was premature and therefore denied Cincinnati Insurance's motion as to that issue. Based on these rulings, the trial court entered final judgment in favor of Cincinnati Insurance.

{¶ 5}    Appellants timely appeal.

## II.  Assignments of Error

{¶ 6}    Appellants assign the following errors for our review:

> 1. The trial court erred when it granted the defendant's motion for summary judgment in part and entered judgment in favor of the defendant.
>
> 2. The trial court erred when it denied the plaintiff's motion for partial summary judgment.

## III.  Discussion

{¶ 7}    In their first assignment of error, appellants assert the trial court erred in granting in part Cincinnati Insurance's motion for summary judgment and entering judgment in favor of Cincinnati Insurance, and their second assignment of error alleges the trial court erred in denying their motion for partial summary judgment. The primary issue presented by both of these assignments of error is whether the trial court erred in finding that Cincinnati Insurance has no duty to defend appellants in the Simek case. Thus, we address the assignments of error together.

{¶ 8}    The duty to defend is broader than and distinct from the duty to indemnify. *Ward v. United Foundries, Inc.*, 129 Ohio St.3d 292, 2011-Ohio-3176, ¶ 19; *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, ¶ 19. The scope of the allegations in the complaint against the insured determines whether an insurer has a duty to defend the insured. *Ward* at ¶ 19. An insurer's duty to defend is absolute when the

complaint contains allegations stating a claim that is potentially or arguably within the scope of coverage of the insurance policy. *Cardiothoracic & Vascular Surgical Specialists, Inc. v. Travelers Indemn. Co.*, 10th Dist. No. 05AP-1355, 2006-Ohio-6947, ¶ 20, citing *Sanderson v. Ohio Edison Co.*, 69 Ohio St.3d 582 (1994), paragraph one of the syllabus; *Ward* at ¶ 19, citing *Ohio Govt. Risk Mgt. Plan* at ¶ 19. The actual substance of the complaint, not how it is categorized, determines the nature of the claims against the insured. *Bosak v. H & R Mason Contrs., Inc.*, 8th Dist. No. 86237, 2005-Ohio-6732, ¶ 13. If an insurer must defend one claim within a complaint, it must defend the insured on all other claims within the complaint "even if they bear no relation to the policy coverage." *Cardiothoracic & Vascular Surgical Specialists, Inc.* at ¶ 20.

{¶ 9} However, there is no duty to defend "if there is no set of facts alleged in the complaint which, if proven true, would invoke coverage." *Cincinnati Indemn. Co. v. Martin*, 85 Ohio St.3d 604, 605 (1999); *see Cincinnati Ins. Co. v. Robert W. Setterlin & Sons*, 10th Dist. No. 07AP-47, 2007-Ohio-5094, ¶ 11 ("[A]`n insurer need not defend any action or any claims within the complaint when all the claims are clearly and indisputably outside of the contracted policy coverage."). Further, "courts will not imply that a cause of action has been pled in a complaint merely because the allegations in the complaint indicate that another cause of action might have happened." *Erie Ins. Exchange v. Lansberry*, 7th Dist. No. 07 CO 6, 2008-Ohio-1553, ¶ 42.

{¶ 10} Here, the policy expressly provides that Cincinnati Insurance has the duty to defend appellants against any "claim." (Ex. B, Health Care Institutions Blue Chip Policy at 5, attached to June 10, 2016 Compl.) The policy defines a "claim" in pertinent part to mean a civil proceeding commenced by the filing of a complaint, brought by a past or present employee, alleging the "breach of any oral, written or implied employment contract or quasi-employment contract," an "[e]mployment related misrepresentation," and "wrongful retaliation." (Ex. B at 6-7.) According to appellants, the Simek complaint contains factual allegations that fit within that coverage.

{¶ 11} Specifically, appellants argue that the Simek complaint invokes Cincinnati Insurance's duty to defend because the complaint alleges that appellants: (1) breached Dr. Simek's May 1, 2014 employment agreement by improperly exercising a liquidated damages provision of that employment agreement; (2) breached all three of the May 1,

2014 employment agreements by improperly backing out of those agreements; (3) failed to abide by representations regarding the May 1, 2014 employment agreements or other employment agreements and therefore made employment-related misrepresentations; and (4) retaliated against the Simek plaintiffs because they retained counsel to negotiate the May 1, 2014 employment agreements. Appellants' argument concerning the liquidated damages provision of Dr. Simek's May 1, 2014 employment agreement was the only one of these arguments that they made in the trial court. Because an argument not raised in the trial court is waived for the purpose of appeal, we will not consider the merits of the remaining arguments. *Harding Pointe, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-258, 2013-Ohio-4885, ¶ 43.

{¶ 12} In support of their argument that the Simek complaint invokes Cincinnati Insurance's duty to defend, appellants cite the following allegations of the Simek complaint:

> 52. Plaintiff Michael Simek signed the Stock Purchase Agreement on May 1, 2014, with the Individual Defendants of the Medical Corporation in which the Individual Defendants and the Medical Corporation agreed to repurchase his 2.715 shares in the Medical Corporation for a total value of $100,000.
>
> 53. The Individual Defendants and/or the Medical Corporation made regular installment payments on the amount due until November 1, 2014, after which date they have failed to make additional installments due and have refused to make any further payments on this obligation.
>
> 54. Individual Defendants and the Medical Corporation claimed the reason for non-payment was the Plaintiff's breach of a non-compete provision in his May 1, 2014 Employment Agreement. The Employment Agreement which contained the non-compete provision, however, had a separate liquidated damages provision to redress any breach of that non-compete provision.
>
> 55. In addition to the withholding of installment payments due for the Medical Corporation stock purchase, Individual Defendants and the Medical Corporation have also exercised the liquidated damages provision set forth in the Employment Agreement by withholding receivables otherwise due to

Plaintiff Michael Simek under that Employment Agreement since his last day of employment.

56. Individual Defendants and the Medical Corporation have improperly claimed two forms of damages for any breach of the non-compete provision in the Employment Agreement, despite the fact that the liquidated damages provision in the Employment Agreement was put in place by the parties, in the Employment Agreement drafted by the Medical Corporation, to address just such a breach.

(Ex. A, Simek Compl. at 15-16, attached to June 10, 2016 Compl.)

{¶ 13} Based on our reading of these factual allegations, as well as the remainder of the Simek complaint, we find it clearly evident that the Simek plaintiffs do not seek liability against appellants based on any alleged violation of the liquidated damages provision of Dr. Simek's May 1, 2014 employment agreement. The Simek plaintiffs set forth the factual allegations of paragraphs 52-56 under their complaint's first separately captioned claim (count one), which was for breach of the stock purchase agreement. Although the manner in which a plaintiff categorizes factual allegations does not determine the actual nature of the claims brought, the substance of the singular theory of recovery set forth in the Simek complaint's first count is consistent with the label the Simek plaintiffs gave that claim. The gravamen of count one of the Simek complaint is that appellants breached their stock purchase agreement with Dr. Simek, and that Dr. Simek has suffered damages as a proximate result of that breach. The Simek complaint's reference to Dr. Simek's May 1, 2014 employment agreement merely reflects the Simek plaintiffs' attempt to discredit appellants' asserted rationale for not paying Dr. Simek for the repurchase of his interest in the medical corporation as required under the stock purchase agreement. Thus, contrary to appellants' argument, the Simek plaintiffs have not brought any claim premised on any alleged violation of that employment agreement.

{¶ 14} For these reasons, we agree with the trial court's conclusion that Cincinnati Insurance has no duty to defend appellants in the *Simek* case. Therefore, the trial court properly granted in part Cincinnati Insurance's motion for summary judgment, denied appellants' motion for partial summary judgment, and entered judgment in favor of

Cincinnati Insurance.  Accordingly, appellants' first and second assignments of error are overruled.

## IV.  Disposition

{¶ 15} Having overruled appellants' first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN, P.J., and TYACK, J., concur.